

**RECEIVED** VW
3/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



# COMPLAINT FOR RELIGIOUS DISCRIMINATION AND RETALIATION

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

**Rachel McCain,**
Plaintiff,

v.

**IKEA U.S. RETAIL, LLC;
CROWN STAFFING;
NAVKIRAN HUNDAL [AKA MINI]
ZUBAIR GHIASI**

**PAUL DIPIETRO**
Defendants.

**Case No.:**

1:26-cv-03155
Judge Elaine E. Bucklo
Magistrate Judge Keri L. Holleb Hotaling
RANDOM, CAT 1

## I. JURISDICTION AND VENUE

1. This action arises under **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. § 2000e et seq.
2. This Court has jurisdiction pursuant to **28 U.S.C. § 1331**.
3. Venue is proper in this District under **28 U.S.C. § 1391** because the events giving rise to this claim occurred within this District.

## II. PARTIES

4. Plaintiff, Rachel M., is an individual residing in Illinois.
5. Defendant IKEA U.S. Retail, LLC ("IKEA") operates a facility in Illinois where Plaintiff worked.
6. Defendant Crown Staffing is a staffing agency that employed Plaintiff and assigned her to work at IKEA.
7. Defendant Navkiran Hundal {AKA Mini} was a supervisor or manager at IKEA involved in decisions affecting Plaintiff's employment.
8. Defendant Zubair Ghiasi was a supervisor or manager at IKEA involved in decisions affecting Plaintiff's employment.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff filed a Charge of Discrimination with the **Equal Employment Opportunity Commission (EEOC)**.
10. The EEOC issued Plaintiff a **Notice of Right to Sue**.
11. Plaintiff is filing this action within 90 days of receiving that Notice.
12. All administrative requirements have been satisfied.

## IV. STATEMENT OF FACTS

13. On or about **July 29, 2024**, Plaintiff began working at an IKEA facility through Crown Staffing as a warehouse associate.
14. Plaintiff performed her work at IKEA's facility under IKEA's supervision and followed IKEA's policies and procedures.
15. Plaintiff consistently performed her job satisfactorily and accumulated over **1,000 hours of work**, exceeding the threshold for potential conversion to direct hire.
16. Plaintiff sought opportunities to become a direct employee of IKEA and applied for positions for which she was qualified.
17. On or about **February 2025**, Plaintiff requested a **religious accommodation** related to her work schedule.

18. Plaintiff's request was not meaningfully evaluated or accommodated.
19. Shortly after making this request, Plaintiff's work assignment was **terminated**.
20. Plaintiff was not provided prior written warnings or notice that her employment was in jeopardy.
21. Plaintiff was later informed that the reason for her termination was "poor attitude."
22. Plaintiff had not previously been informed of any performance or behavioral issues that would lead to disciplinary action or termination.
23. Defendant IKEA exercised control over Plaintiff's daily work, supervision, and the decision to end her assignment.
24. Defendant Crown Staffing communicated the termination decision to Plaintiff.
25. Defendants' actions caused Plaintiff loss of income, emotional distress, and financial hardship.

## V. CLAIMS FOR RELIEF

### COUNT I – RELIGIOUS DISCRIMINATION (Title VII)

26. Plaintiff realleges paragraphs 1–25.
27. Plaintiff requested a reasonable accommodation for her sincerely held religious beliefs.
28. Defendants failed to accommodate Plaintiff's request.
29. Plaintiff was terminated shortly after making the request.
30. Defendants' actions constitute discrimination based on religion in violation of Title VII.

### COUNT II – RETALIATION (Title VII)

31. Plaintiff realleges paragraphs 1–25.
32. Plaintiff engaged in protected activity by requesting a religious accommodation.
33. Defendants took adverse action by terminating her employment.
34. The termination occurred shortly after the protected activity.
35. Defendants' actions constitute unlawful retaliation under Title VII.

**VI. DAMAGES**

36. As a direct result of Defendants' actions, Plaintiff suffered:

* Lost wages and benefits (back pay)

* Future lost wages (front pay)

* Emotional distress and mental anguish

* Financial hardship

37. Defendants acted with reckless disregard for Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

---

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff;

b. Award back pay and front pay;

c. Award compensatory and punitive damages;

d. Award costs and fees as permitted by law;

e. Grant any other relief the Court deems just and proper.

---

**Respectfully submitted,**

Rachel McCain

110 Wesleyan St.

815-419-1819

1bigminnie@pm.me